O

# United States District Court
# Central District of California

| | |
|---|---|
| L.A. PRINTEX INDUSTRIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> ROYAL PRINTEX, INC.; PACIFIC COAST KNITTING, INC.; and DOES 1 – 10, inclusive, <br><br> Defendants. | Case No. 2:15-cv-02347-ODW-VBK <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO STAY [14]** |

## I.  INTRODUCTION

Pending before the Court is Defendants Royal Printex, Inc.'s ("Royal") and Pacific Coast Knitting, Inc.'s ("Pacific" and collectively, "Defendants") Motion to Stay.  Defendants contend that a separate action pending against L.A. Printex Industries, Inc. ("LAP") may substantially decide the merits of this current action.  In contrast, LAP contends that judicial economy would be best served by allowing both cases to proceed together.  For the reasons discussed below, the Court **GRANTS** Defendants' Motion.[1]  (ECF No. 14.)

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

## II. FACTUAL BACKGROUND

LAP owns copyrights on various original pieces of two-dimensional artwork. (ECF No. 1, Compl. ¶¶ 9, 11, 13, 15.) Certain of these artworks are referred to as Design Nos. E50107, F60249, F60334, and F60472. (*Id.*) At some point in 2010, LAP engaged the services of Royal to print images of these artworks onto fabric. (Compl. ¶ 17.) Royal contends that LAP failed to pay Royal for the work performed. (Mot. 5.) Royal further contends that in order to settle the debt, an oral contract was made between Royal and LAP, in which Royal would be given permission to print artworks from LAP's copyrighted designs, in return for $0.10 per yard being deducted from the balance owed. (Mot. 5; ECF No. 16, Opp'n 2.) Royal contends that LAP breached the contract by bringing a copyright infringement action on February 7, 2014. (Mot. 5, 6; Opp'n 2.) .

On February 4, 2015, following LAP's action against it, Royal filed an action in state court seeking, among other things, to enforce the contract between itself and LAP. (Mot. 6.) On March 30, 2015, LAP filed three additional copyright infringement actions against Royal, and various other defendants, to which the current action belongs. (Mot. 6, 7.) On June 29, 2015, Defendants filed the present Motion to Stay. On July 13, 2015 LAP opposed, and Defendants replied on July 20, 2015.

Defendants in the other two actions filed by LAP in March have also moved to stay. On August 7, 2015 Judge Real denied, and on September 8, 2015 Judge Pregerson granted, their respective motions. *Order Denying Defendants' Motion to Stay*, L.A. Printex Indus., Inc. v. Did Fabric, Inc., et al., No. CV 15-2351-R (C.D. Cal. Aug. 7, 2015), (ECF 28) ("Judge Real Order"); *Order Granting Defendants' Motion to Stay*, L.A. Printex Indus., Inc. v. Royal Printex, Inc., et al., No. CV-15-02343 DDP (C.D. Cal. Sept. 8, 2015), (ECF 25) ("Judge Pregerson Order"). Defendants Motion to Stay is now before the Court for consideration.

/ / /

/ / /

## III. LEGAL STANDARDS

In the interests of efficiency and fairness, a court may stay an action before it "pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal. Ltd.,* 593 F.2d 857, 864 (9th Cir. 1979). In ruling on a motion to stay, the Court may consider various competing interests, including "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

## IV. DISCUSSION

As noted above, LAP has filed three actions for copyright infringement, of which the current action is but one. Defendants in each action has brought motions to stay. Orders regarding the other two motions have been issued, and warrant review. On August 7, 2015, Judge Real denied the motion to stay. Judge Real Order at 3. Central to Judge Real's analysis was the fact that Royal is not a defendant in the action before him, and that Royal's suit against LAP would not be impacted by the decision. *Id.* However, this analysis is not directly analogous to the case at hand, as Royal is here a defendant. Alternatively, on September 8, 2015, Judge Pregerson granted defendants' motion to stay. Judge Pregerson Order at 4. In the case before him, Royal is a defendant, and Judge Pregerson notes that Royal's suit against LAP will have a largely determinative effect on the case. *Id.* at 3.

The case before Judge Pregerson is similar to the case at hand. Royal is a defendant in both; LAP is the plaintiff in both. The analysis with regard to both motions is thus similar as well. Weighing the interests set forth in *CMAX*, and seeking to maximize fairness and efficiency, the Court finds that staying the current action is warranted. The copyright infringement claims alleged by LAP against Defendants will be substantially affected by the outcome of Royal's case against LAP. If there is

in fact a valid licensing agreement between Royal and LAP, then there is likely no infringement by either Royal or Pacific. If, on the other hand, there is no valid licensing agreement, then defendants' primary defense has been negated. In either case, resolution of Royal's case will have a large impact on the current action.

## V.   CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendants Motion to Stay. (ECF No. 14.) The parties shall notify the Court of the outcome of the underlying case against LAP within two weeks following the resolution of that case.

**IT IS SO ORDERED.**

September 16, 2015

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**